

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*overruled by*
*WW-1379*
*where conflicts*

Honorable W. P. Herms, Jr.
County Auditor
Waller County
Hempstead, Texas

O-3089

Dear Mr. Herms:

Opinion No. O-3089

Re: Whether or not a county may
legally guarantee payment
of publication costs in the
matter of citations to non-
residents upon tax foreclos-
ure suits.

We are in receipt of your letter of January 25,
1941, submitting two questions for our opinion, which
questions for convenience sake have been numbered by us,
your letter being as follows:

\* \* \* \*

"Under his old contract, the County and
State Delinquent Tax Collector, Attorney Wm.
F. Jackson, has, and is, filing suits on de-
linquent taxes covering a period of years,
these to be cited by publication in the local
newspaper.

"The publisher has hesitated to accept
these, declaring that the amount of taxes
and costs against some of the property is ex-
cessive, and when sold at Sheriff's sale,
will not bring enough to pay his charges,
court costs, and amount of taxes.

"Some of the citations are on negro
town lots, with taxes and costs amounting
to as much as $100.00, whereas, it is doubt-
ful that the property will bring half that
at sheriff's sale. In such instances, how

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable W. P. Kerms, Jr. - page 2

can the publisher be assured of the payment
of his services, and also, how can the sher-
iff and District Clerk be assured of their
payment?  (1) Can the County legally guar-
antee payment of publication costs?

"Also, another problem with which we
are confronted is this:  About 18 months
ago, a number of out-of-county property
owners were sued on delinquent taxes, their
addresses being unknown at the time, and
were cited by publication. Before judgment
was taken, several of the owners came in
and paid the Tax Collector, paying the tax-
es only, with no payment made for costs al-
ready incurred in connection with the suits.
(2)  Is the tax collector liable for such
costs, having failed to collect these at
the time he accepted payment for the taxes,
while the suits were pending?"

In Section (d) of Article 7345b, Revised Civil
Statutes, Vernon's Codification, concerning citations by
publication in tax suits, it is provided:

"Such notices shall be published in
some newspaper published in the county in
which the property is located one time a
week for two (2) consecutive weeks, the
first publication to be not less than
fourteen (14) days prior to the first
day of the term of court to which return-
able; and the affidavit of the editor or
publisher of the newspaper giving the
dates of publication, together with a
printed copy of the notice as published,
attached to such notice, shall constitute
sufficient proof of due publication when
returned and filed in court.  If there be
no newspaper published in the county, then
said publication may be made in a news-
paper in an adjoining county.  A maximum
fee of two and one-half (2 1/2¢) cents per
line (six words to count for a line) for

Honorable W. P. Herms, Jr. - page 3

such insertion may be taxed for publishing said notice. If the publication of such notice can not be had for such fee, then service of the notice herein provided may be made by posting a copy at the Court-house door of the county in which the suit is pending, such notice to be posted at least fourteen (14) days prior to the first day of the term of court to which it is returnable."

This statute makes no express provision for liability for such publisher's fee.

Referring to Article 7342 of the Revised Civil Statutes, a similar if not identical statute as that above quoted, the Court of Civil Appeals for the Seventh District has said:

"This statute gives the county no authority to pay a newspaper the fees for the publication of the citation in tax suits citing unknown and non-resident owners, but provides that such fees may be taxed (evidently as costs in the suit); and the Commissioners' Court is given no authority to pay for the publication of such citations out of funds of the county derived from any other source." (Nunn-Warren Pub. Co. v. Hutchinson County, 45 S. W. (2) 851, writ of error refused).

This quotation answers your first question.

Your second question should also be answered in the negative. Even though it should be held that it was the Collector's duty to collect the court costs at the time he received the payment for the taxes proper, nevertheless, it does not follow that the Collector, would become personally liable for such costs. Whether the state and county are entitled to collect costs, and if so, what costs, remains to be determined in the pending suits, if they are pending, and if judgment has been rendered, then the judgment itself has determined such

Honorable W. P. Herms, Jr. - page 4

matter. If such taxpayers are adjudged to pay such costs, they may be collected without hindrance whatsoever by reason of the prepayment of the taxes proper, and the failure to pay the costs.

In this connection your attention is called to Sections 8 and 9 of Article 7345b (supra) especially providing for the payment of costs and expenses first out of the proceeds of any sale at foreclosure.

Your letter implies perhaps a further question with respect to the collection of officers' fees in connection with such tax suits.

Article 7333 of the Revised Civil Statutes provides:

"In each case such fees shall be taxed as costs against the land to be sold under judgment for taxes, and paid out of the proceeds of sale of same after the taxes, penalty and interest due thereon are paid, and in no case shall the State or county be liable therefor," and herein this question finds its answer.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR    APPROVED FEB 7, 1941

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION COMMITTEE
BY
CHAIRMAN